IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFRED SANTIAGO, #1666910,  §<br>   Petitioner, §<br>  §<br>v. §<br>  §<br>RICK THALER, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Div., §<br>   Respondent. § | | 3:10-CV-2240-G (BK) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

### I.  BACKGROUND

On November 5, 2010, Petitioner filed a *pro se* motion for change of venue for his state cases. Petitioner is currently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). As a result, the correct Respondent is the Director of TDCJ-CID.[1] The court did not issue process in this case.

In his motion for change of venue, Petitioner refers to his recent Dallas County convictions, Cause Nos. F09-57747 and F09-56942, which are presently pending on direct appeal before the Fifth District Court of Appeals. *See Santiago v. State of Texas*, Nos. 05-10-01082-CR

---

[1] The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (confirming that there is generally only one proper respondent in a prisoner's habeas petition, and that the custodian is "the person" with the ability to produce the prisoner's body before the habeas court).

and 05-10-01083-CR (Tex. App. – Dallas).  Petitioner is represented by court appointed counsel James Gerard McDermott II in his direct criminal appeals.

## II.  ANALYSIS

In light of the pendency of his direct criminal appeals, Petitioner's motion for change of venue is not cognizable in this court.  Petitioner should direct his request to his court appointed counsel and/or the Fifth District Court of Appeals.

Liberally construing the motion as seeking habeas corpus relief, the same should be dismissed for failure to exhaust state court remedies.  *See* 28 U.S.C. § 2254(b) and (c).  A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement. As noted above, his direct criminal appeal remains pending before the Fifth District Court of Appeals.[2]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's motion for change of venue be **DISMISSED**. Liberally construed as seeking habeas corpus relief, the same should be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[3]

SIGNED November 8, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to any petition that he may file in this court.

[3] To conserve judicial resources and in light of the summary disposition of this case, the court did not require Petitioner to submit a motion to proceed *in forma pauperis* or pay the $5 filing fee applicable to a federal habeas case.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE